UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY PENSION FUND, TRUSTEES OF THE SPRINKLER INDUSTRY SUPPLEMENTAL PENSION FUND AND TRUSTEES OF THE INTERNATIONAL TRAINING FUND** <br> 8000 Corporate Drive <br> Landover, MD  20785 <br><br> **Plaintiffs,** <br><br> vs. <br><br> **SHAWN GUNNING d/b/a STANDARD FIRE PROTECTION** <br> 108 Oak Tree Drive <br> Webster Groves, MO  63119 <br><br> Serve:  Shawn Gunning <br>       108 Oak Tree Drive <br>       Webster Groves, MO  63119 <br><br> and <br><br> **STANDARD FIRE PROTECTION** <br> 108 Oak Tree Drive <br> Webster Groves, MO  63119 <br><br> Serve:  Shawn Gunning, Vice President <br>       108 Oak Tree Drive <br>       Webster Groves, MO  63119 <br><br> and <br><br> **SHAWN GUNNING** <br> 108 Oak Tree Drive <br> Webster Groves, MO  63119 <br><br> Serve:  Shawn Gunning <br>       108 Oak Tree Drive <br>       Webster Groves, MO  63119 <br><br> **Defendants.** | Civil Action No.: |

## COMPLAINT

### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

### Jurisdiction

1.  This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

### Parties

2.  Plaintiffs National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Industry Pension Fund, Sprinkler Industry Supplemental Pension Fund and the International Training Fund (hereinafter "NASI Funds") are multiemployer employee benefit plans as that term is defined in Section 3(3) of the ERISA of 1974, 29 U.S.C. § 1002(3). Plaintiff Funds are established and maintained according to the provisions of the Restated Agreements and Declarations of Trust establishing the NASI Funds (hereinafter "Trust Agreements") and the Collective Bargaining Agreement between Sprinkler Fitters Local Union No. 268 (hereinafter referred to as "the union") and the Defendants. The NASI Funds are administered at 8000 Corporate Drive, Landover, Maryland 20785.

3.  Defendant Shawn Gunning is an individual doing business as Standard Fire Protection, a business existing under the laws of the State of Missouri with offices located in Missouri. Defendant transacts business in the state of Missouri as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as

defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

4.  Defendant Standard Fire Protection is a business existing under the laws of the State of Missouri with offices located in Missouri. Defendant transacts business in the state of Missouri as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

5.  Defendant Shawn Gunning is an individual doing business in the State of Missouri with offices located in Missouri. Defendant transacts business in the state of Missouri as a contractor or subcontractor in the sprinkler industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

## COUNT I

6.  Defendants entered into a Collective Bargaining Agreement with the union establishing terms and conditions of employment for journeymen and apprentice sprinkler fitters employed by the Defendants.

7. Pursuant to the Collective Bargaining Agreement, Defendants agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of Defendants covered by the Collective Bargaining Agreement.

8. Defendants employed certain employees covered by the Collective Bargaining Agreement during the months of March 2019 through the present.

9. Defendants are bound to the Trust Agreements and the Guidelines for Participation in the NASI Funds (hereinafter "Guidelines").

10. Defendants have failed to make contributions due to Plaintiff Funds for the months of September 2020 through December 2020. In addition, Defendants have failed to submit report forms for these months. Based on information gathered by the Fund Administrator, the Plaintiffs have determined that the Defendants owe contributions in the amount of $8,458.56 for these months. Pursuant to the terms of the Collective Bargaining Agreement, Defendants are obligated to submit report forms and pay contributions owed to Plaintiff Funds.

11. Defendants' contributions owed on behalf of its sprinkler fitter employees for the months of March 2019 through May 2019 were paid late. The specific amounts paid and the date in which the Defendants' contributions were received by the NASI Funds are set forth on the attached breakdown (Exhibit A).

12. Defendants' contributions owed on behalf of its sprinkler fitter employees for the month of September 2020 through December 2020 are late.

13. The Trust Agreements and the Guidelines provide that an employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

    (1)    If payment is not received in the Funds Office by the 15th of the month, 10% of the amount is assessed.

  (2) An additional 5% is added if payment is not received in the Funds Office by the last working day of the month in which payment was due.

  (3) An additional 5% is added if payment is not received by the 15th of the month following the month in which payment was due.

14. Pursuant to this provision, Defendants are obligated to Plaintiff Funds in the amount of $3,055.95 in liquidated damages assessed on the late contributions for the months of March through May 2019 and September through December 2020, plus interest at the rate provided in 29 U.S.C. Section 1132(g) from the date of delinquency to the date of payment.

**WHEREFORE**, in Count I, Plaintiff Funds pray judgment as follows:

A. In the amount of $8,458.56 for contributions due for work performed in September 2020 through December 2020, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

B. In the amount of $3,055.95 for liquidated damages assessed on the late contributions for the months of March through May 2019 and September through December 2020, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

C. For all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g).

D.    For such further relief as the Court may deem appropriate.

        Respectfully submitted,

        **O'DONOGHUE & O'DONOGHUE LLP**
        5301 Wisconsin Avenue, N.W.
        Suite 800
        Washington, D.C.  20015
        (202) 362-0041 – telephone
        (202) 362-2640 – facsimile
        cgilligan@odonoghuelaw.com

By: _____/s/_____
        Charles W. Gilligan
        Maryland Bar No. 05682

        Attorneys for Plaintiffs

357518_1

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 5th day of February, 2021 on the following:

    The Office of Division Counsel
    Associate Chief Counsel (TE/GE) CC: TEGE
    Room 4300
    1111 Constitution Avenue
    Washington, DC  20224
    Attention:  Employee Plans

    Secretary of Labor
    200 Constitution Avenue, N.W.
    Washington, DC  20210
    ATTENTION:  Assistant Solicitor for
    Plan Benefits Security

                                                   /s/
                                                Charles W. Gilligan

357518_1